IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARBOR MCELROY a/k/a LATWAHN MCELROY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>W. L. MUNIZ, et. al.,<br><br>　　　　Defendants. | No. C 15-00042 EJD (PR)<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

　　　Plaintiff, a state prisoner at Salinas Valley State Prison, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate written order.

**DISCUSSION**

**A.　　Standard of Review**

　　　A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be

1  liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff alleges that various correctional officers and medical staff at SVSP and Folsom State Prison ("FSP") violated his constitutional rights and Section 504 of the Rehabilitation Act of 1973 by forcibly administering "questionable psychotic medication" to him which has caused health issues and emotional stress (Docket No. 1 at 6–11); by placing him in administrative segregation without cause and without the appropriate due process which has exacerbated his health conditions (id. at 6–18); by depriving him of his possessions (id. at 14–17); by refusing to treat him for polyneuropathy and nerve damage and refusing to continue medications prescribed by other doctors (id. at 18–27); and by failing to approve him for "medically appropriate release/transfer for basic needs," (id. at 28–29).

However, Plaintiff fails to specify how each individual defendant caused a constitutional deprivation.  A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.  Id.  Plaintiff has failed to adequately plead causation by the individual Defendants.  At times, Plaintiff references "all Defendants," yet approximately half of the Defendants work at SVSP and the other half work at Folsom State Prison.  It is

it is unclear how all of the Defendants could be involved in the same incidents. For example, in Claim #1, Plaintiff alleges that "[t]he Defendants, particularly Dr. Israel, her supervisor the head psychologist - Doe, Pamela Jones MD, Damon Walcott MD, Dr. Doe (who enforced medication), Sgt. Doe (issued order of force), Corrections Officer Doe, Warden W. Muiz, and/or CDCR Jeffrey Beard, are all guilty and liable to damages including T.R.O. / preliminary injunction for show of cause why permanent injunction should not issue, due to defendants exposing and/or subjecting patient McElroy #P-71922 to conditions / involuntary injections that pose an unreasonable risk of severe damage to [future health]/present as well." Docket No. 1 at 7. The defendants named in this claim are all SVSP prison officials, yet Plaintiff also includes all the defendants which would include the FSP prison officials. Plaintiff than refers to a March 13, 2008 date where he was forced by unnamed Doe Defendants to submit to a "psychotic injection." Id. at 8. But none of the named Defendants are directly linked to this forcible injection. Plaintiff then refers to a time during the week of November 9-17, 2014, where Dr. Israel and her supervisor threatened Plaintiff with force if he refused a blood test. Id. The other defendants are not linked to this threat, and it is unclear if the blood test took place. Without an adequate description of the specific acts each individual defendant allegedly committed, and how the alleged acts violated his constitutional rights, the Court cannot determine whether Plaintiff has stated claims for relief. Accordingly, the complaint is DISMISSED with leave to amend for Plaintiff to attempt to correct the deficiency specified above.

     In amending his complaint, Plaintiff is advised of the following: Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(a)(1) and (d)(1). Plaintiff's current complaint appears to be a lengthy narrative of wrongs done him by various prison officials, and his current physical and mental ailments. Plaintiff should simply make a short and plain statement of why he is entitled to relief, and he should specify how each

individual defendant deprived him of a constitutional right.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is DISMISSED with leave to amend. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint. The amended complaint must include the caption and civil case number used in this order and the words "AMENDED COMPLAINT" on the first page and write in the case number for this action, Case No. C 15-00042 EJD (PR). Plaintiff must answer all the questions on the form in order for the action to proceed.

**Failure to respond in accordance with this order by filing an amended complaint will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

DATED:  4/20/2015

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JARBOR MCELROY,

    Plaintiff,

v.

W. L. MUNIZ, et al.,

    Defendants.

Case No. 5:15-cv-00042-EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 4/21/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

    Jarbor McElroy ID: P-71922
    Salinas Valley State Prison
    P. O. Box 1050
    Soledad, Ca 93960

Dated: 4/21/2015

Richard W. Wieking
Clerk, United States District Court

By_____
Elizabeth Garcia, Deputy Clerk to the
Honorable EDWARD J. DAVILA