IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARBOR MCELROY a/k/a LATWAHN MCELROY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>W. L. MUNIZ, et. al.,<br><br>　　　　Defendants. | No. C 15-00042 EJD (PR)<br><br>ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK |

    Plaintiff, a state prisoner at Pelican Bay State Prison, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against prison officials at Salinas Valley State Prison ("SVSP") and Folsom State Prison ("FSP") where he was previously incarcerated. The Court reopened this action and granted Plaintiff a second opportunity to file a first amended complaint to correct the deficiencies in the original complaint. (See Docket No. 15.) Plaintiff filed a first amended complaint. (Docket No. 17, hereafter "FAC".)

**DISCUSSION**

**A.　Standard of Review**

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff alleges that various correctional officers and medical staff at SVSP and FSP violated his constitutional rights and Section 504 of the Rehabilitation Act of 1973, et al., by forcibly administering "psychotropics" and "moodstabilizers" to him which has caused health issues and emotional stress (FAC at 5-9); by placing him in disciplinary segregation based on false charges and without the appropriate due process which has exacerbated his health conditions (id. at 10-18); by depriving him of his possessions (id. at 18–27); by failing to provide proper treatment for polyneuropathy and nerve damage (id. at 27–29); and by failing to approve him for a "medical release/transfer" to a place where appropriate accommodations for his medical needs would be available, (id. at 34–36). Liberally construed, Plaintiff states cognizable claims under § 1983.

With respect to Plaintiff's claims against FSP officials, those claims must be dismissed. When jurisdiction is not founded solely on diversity, venue is proper in the district in which (1) any defendant resides, if all of the defendants reside in the same state, (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Plaintiff's claims

arising out of acts committed in Sacramento County, where FSP is located, are properly raised in the Eastern District of California. 28 U.S.C. § 84(b). Consequently, Defendants A. Nangalama, V. Duc, A. Hamkar, R. N. Linggi, and A. Deemsi are dismissed without prejudice to Plaintiff's re-filing claims against them in a separate complaint in the Eastern District of California.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint, (Docket No. 17), all attachments thereto, and a copy of this order upon **Defendant Jeffery Beard** at the **California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento CA 94283**; and **Defendants J. Stone, J. Kidd, Orta, A. Orenalis, J. Ramirez, R. Pinto, B. Kopitzke, J. Greeson, B. Evans, K. Rawhoof, A. Oyarzabal, J. Ruiz, J. Mensing, R. Binkele, Sgt. Maturino, F. Israel, Supervisor Dr. Norum, D. Do-Williams, G. Ellis and D. Rocha,** at **Salinas Valley State Prison** (P.O. Box 1020, Soledad, CA 93960-1020). The Clerk shall also mail a copy of this Order to Plaintiff.

Defendants A. Nangalama, V. Duc, A. Hamkar, R. N. Linggi, and A. Deemsi of Folsom State Prison are DISMISSED from this action. The Clerk shall terminate them from the docket.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed,

except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

      3.      No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

      a.      If Defendants elect to file a motion to dismiss on the grounds Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119–20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003). **The Ninth Circuit has held that Plaintiff must be provided with the appropriate warning and notice under Wyatt concurrently with Defendants' motion to dismiss. See Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).**

      b.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

      4.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants'

motion is filed.

    a.    **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  <u>See</u> <u>Woods v. Carey</u>, 684 F.3d 934, 940 (9th Cir. 2012).**

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  <u>See</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

5.    Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6.    The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

7.    All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10.    Extensions of time must be filed no later than the deadline sought to be

1  extended and must be accompanied by a showing of good cause.

3  DATED: 9/10/2015

   _____
   EDWARD J. DAVILA
   United States District Judge

Order of Partial Dismissal and of Service
P:\PRO-SE\EJD\CR.15\00042McElroy_svc.wpd             6

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JARBOR MCELROY a/k/a LATWAHN MCELROY,

        Plaintiff,

  v.

W. L. MUNIZ, et. al.,

        Defendants.

                                       /

No. C 15-00042 EJD (PR)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____9/10/2015_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) inter-office delivery receptacle located in the Clerk's office.

**Jarbor McElroy**
P-71922
Pelican Bay State Prison (PBSP)
P. O. Box 7500
Crescent City, Ca 95532

DATED: _____9/10/2015_____

                                       Susan Y. Soong, Clerk of the Court
                                       /s/ Elizabeth Garcia, Deputy Clerk