FILED

NOV 16 2015

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JARBOR MCELROY a/k/a LATWAHN MCELROY,

    Plaintiff,

v.

W. L. MUNIZ, et. al.,

    Defendants.

No. C 15-00042 EJD (PR)

ORDER OF SERVICE ON DEFENDANT W. L. MUNIZ; INSTRUCTIONS TO CLERK

    Plaintiff, a state prisoner at Pelican Bay State Prison, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against prison officials at Salinas Valley State Prison ("SVSP") and Folsom State Prison ("FSP") where he was previously incarcerated. The Court reopened this action and granted Plaintiff a second opportunity to file a first amended complaint to correct the deficiencies in the original complaint. (See Docket No. 15.) The Court found the first amended complaint stated cognizable claims and ordered service of the action on Defendants at SVSP.[1] (Docket No. 19.) Defendant Warden W. L. Muniz of SVSP was inadvertently not included in the order of service. Accordingly,

---

[1] The Court dismissed without prejudice claims against FSP officials to Plaintiff's re-filing them in a separate complaint in the Eastern District of California. (Docket No. 19.)

the Clerk is ordered to serve this action on him forthwith.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint, (Docket No. 17), all attachments thereto, a copy of the Court's order of service, (Docket No. 19), and a copy of this order upon **Defendant W. L. Muniz** at **Salinas Valley State Prison** (P.O. Box 1020, Soledad, CA 93960-1020). The Clerk shall also mail a copy of this Order to Plaintiff.

The Clerk shall also mail a courtesy copy of this order to the Attorney General's Office.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

3. No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

   a. If Defendants elect to file a motion to dismiss on the grounds Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119–20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003). **The Ninth Circuit has held that Plaintiff must be provided with the appropriate warning and notice under Wyatt concurrently with Defendants' motion to dismiss. See Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).**

   b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

   a. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).**

   Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an

opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

    5.    Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

    6.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    7.    All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

    8.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

    9.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    10.    Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

DATED: 11/13/15

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JARBOR MCELROY,

        Plaintiff,

v.

W. L. MUNIZ, et al.,

        Defendants.

Case No. 5:15-cv-00042-EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 11/16/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jarbor McElroy ID: P-71922
Pelican Bay State Prison (PBSP)
P. O. Box 7500
Crescent City, Ca 95532

Dated: 11/16/2015

Susan Y. Soong
Clerk, United States District Court

By: /s/ Elizabeth C. Garcia
Elizabeth Garcia, Deputy Clerk to the
Honorable EDWARD J. DAVILA