IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARBOR MCELROY a/k/a LATWAHN MCELROY,<br><br>    Plaintiff,<br><br> v.<br><br>W. L. MUNIZ, et. al.,<br><br>    Defendants. | No. C 15-00042 EJD (PR)<br><br>ORDER DISMISSING UNSERVED DEFENDANTS J. KIDD AND A. ORENALIS |

On July 16, 2015, Plaintiff, a state prisoner at Pelican Bay State Prison, filed a first amended pro se civil rights action pursuant to 42 U.S.C. § 1983 against prison officials at Salinas Valley State Prison ("SVSP") and Folsom State Prison ("FSP") where he was previously incarcerated. On September 10, 2015, the Court issued a partial order of service upon SVSP Defendants. (Docket No. 19.) On October 1, 2015 and 16, 2015, respectively, Litigation Coordinator G. Lopez sent letters to the Court indicating that Defendants J. Kidd and A. Orenalis never worked at SVSP. (Docket Nos. 45 and 55.) On November 3, 2015, the Court ordered Plaintiff to file within thirty days, a notice containing accurate and current addresses for Defendants J. Kidd and A. Orenalis. (Docket No. 74.) Plaintiff was advised that if he failed to provide the Court with the information requested, Plaintiff's claims against these Defendants would be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (Id.)

1  Thereafter, Plaintiff sought and was granted an additional thirty days in which to provide
2  the requested information.  (Docket No. 86.)  The deadline has passed and Plaintiff has
3  not filed the requested information.  Accordingly, Defendants J. Kidd and A. Orenalis
4  have not been served.[1]

5  Although a plaintiff who is incarcerated and proceeding in forma pauperis may
6  rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to
7  effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon
8  the appropriate defendant and attempt to remedy any apparent defects of which [he] has
9  knowledge."  Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987).  Here, Plaintiff's
10 complaint has been pending for over 90 days, and thus, absent a showing of "good
11 cause," is subject to dismissal without prejudice.  See Fed. R. Civ. P. 4(m).  Accordingly,
12 Plaintiff's claims against Defendants J. Kidd and A. Orenalis are **DISMISSED** without
13 prejudice.

14 The Clerk shall terminate these defendants and remove them from the Docket.

16 DATED: 1/13/2016

EDWARD J. DAVILA
United States District Judge

---

[1] Plaintiff was also directed to file such information that would allow the estate of deceased Defendant Supervisor Dr. Norum to be served.  (See Docket No. 74.)  On December 23, 2015, Plaintiff filed a motion "to substitute in the proper party," with respect to Defendant Nurom.  (Docket No. 100.)  However, Plaintiff failed to attach the document he states contains the contact information for the estate.  The Court has directed Plaintiff to file the contact information for the proposed substitute party and renew the motion.  (Docket No. 103.)  Therefore, the claims against deceased Defendant Nurom will not be dismissed at this time.