IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARBOR MCELROY a/k/a LATWAHN MCELROY, | No. C 15-00042 EJD (PR) |
| Plaintiff, | ORDER DISMISSING UNSERVED DEFENDANT NORUM |
| v. | |
| W. L. MUNIZ, et. al., | |
| Defendants. | |

On July 16, 2015, Plaintiff, a state prisoner at Pelican Bay State Prison, filed a first amended pro se civil rights action pursuant to 42 U.S.C. § 1983 against prison officials at Salinas Valley State Prison ("SVSP") and Folsom State Prison ("FSP") where he was previously incarcerated. On September 10, 2015, the Court issued a partial order of service upon SVSP Defendants. (Docket No. 19.) On September 25, 2015, Litigation Coordinator G. Lopez sent a letter to the Court indicating that Defendant Norum was deceased. (Docket No. 43.) On November 3, 2015, the Court informed Plaintiff that if he did not file information that would allow the estate of deceased Defendant Norum to be served within thirty days, the claims against Defendant Norum would be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure . (See Docket No. 74.) Defendant Norum's estate has not been served.

1    Although a plaintiff who is incarcerated and proceeding in forma pauperis may
2 rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to
3 effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon
4 the appropriate defendant and attempt to remedy any apparent defects of which [he] has
5 knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987).  On November 3,
6 2015, Plaintiff was informed that he must provide information regarding Defendant
7 Norum's estate within thirty days or the claims against Defendant Norum would be
8 dismissed.  (Docket No. 74.)  On December 7, 2015, the Court granted Plaintiff an
9 additional thirty days to provide the necessary information.  (Docket No. 86.)  On
10 December 23, 2015, Plaintiff filed a motion "to substitute in the proper party," with
11 respect to Defendant Nurom.  (Docket No. 100.)  However, Plaintiff failed to attach the
12 document he stated contained the contact information for the estate.  (Id.)  Therefore, on
13 January 7, 2016, the Court again directed Plaintiff to file the contact information for the
14 proposed substitute party and renew the motion.  (Docket No. 103.)  To date, Plaintiff has
15 failed to provide the necessary information to serve the estate of Defendant Norum.
16 Plaintiff's complaint has been pending for over 90 days, and thus, absent a showing of
17 "good cause," his claims against Defendant Norum are subject to dismissal without
18 prejudice.  See Fed. R. Civ. P. 4(m).  Accordingly, Plaintiff's claims against Defendant
19 Norum are **DISMISSED** without prejudice.
20    The Clerk shall terminate this defendant and remove him from the Docket.

22 DATED:   2/12/2016

EDWARD J. DAVILA
United States District Judge

Order Dismissing Unserved Defendant Norum
P:\PRO-SE\EJD\CR.15\00042McElroy_4mdism-Norum.wpd       2